[Cite as *Hamilton v. Ohio Dept. of Transp.*, 2010-Ohio-6329.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRENDA S. HAMILTON

Plaintiff

v.

THE OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-04459-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Brenda S. Hamilton, filed this action against defendant, Department of Transportation (ODOT), contending her 1992 Ford F250 pick-up truck was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 South in Franklin County. Specifically, plaintiff asserted her truck was damaged beyond repair as a result of striking a pothole on "71 South near the Frank Road exit." In her complaint, plaintiff requested damage recovery of $2,000.00, the stated value of the 1992 Ford F250. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant explained the date of plaintiff's described damage incident was February 21, 2010. Defendant advised that ODOT records show no complaints of a pothole were received at the location on Interstate 71 described by plaintiff which, "would be at county milepost 12.79 or state milepost 103.80 on I-71 in Franklin County." Defendant noted that ODOT records show no reports of a pothole at

the location indicated prior to plaintiff's damage event despite the fact "[t]his section of roadway had an average daily traffic count between 86,490 and 103,550 vehicles." Defendant contended plaintiff did not produce any evidence to establish the length of time the pothole at milepost 103.80 on Interstate 71 existed prior to her February 21, 2010 damage occurrence.

{¶ 3} Furthermore, defendant contended that plaintiff failed to offer evidence to prove ODOT negligently maintained the roadway. Defendant asserted that plaintiff has not shown her property damage was attributable to conduct on the part of ODOT personnel. Defendant explained that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered at milepost 103.80 on Interstate 71 the last time that particular section of roadway was inspected prior to February 21, 2010. The claim file is devoid of any inspection record. Defendant did submit a copy of the "Maintenance History" for Interstate 71 in Franklin County covering the dates from August 21, 2009 to February 19, 2010. This record shows that ODOT crews patched potholes in the area including milepost 103.80 on September 29, 2009, November 2, 2009, December 21, 2009, December 30, 2009, January 28, 2010 and February 8, 2010. No repair activity occurred in the area after the patching operation performed on February 8, 2010. Defendant stated, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio

St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 8} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc.

2d 262, 577 N.E. 2d 458.  No evidence was presented to establish the time that the particular pothole was present.  Size of the defect (pothole) is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  Plaintiff has failed to prove that defendant had constructive notice of the pothole.  Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition.  *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRENDA S. HAMILTON

Plaintiff

v.

THE OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-04459-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Brenda S. Hamilton
4075 Colonial Place
Grove City, Ohio 43123

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
8/9
Filed 9/8/10
Sent to S.C. reporter 12/17/10